| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER<br>**2173CV00493** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>**Nye, Lorraine et al vs. Rehoboth, Town of et al** | | Marc J. Santos, Clerk of Court<br>Bristol County |
| To:<br>**Town of Rehoboth** | | COURT NAME & ADDRESS<br>Bristol County Superior Court - New Bedford<br>441 County Street, 1st floor<br>New Bedford, MA 02740 |

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Thomas A Dougherty, Esq.**
**The Law Office of Thomas A. Dougherty, III**
**548 West Grove St Unit 1**
**Middleborough, MA 02346**

*[stamp: OFFICE OF THE TOWN CLERK REHOBOTH, MA   21 JUL 12 AM 11: 25   RECEIVED]*

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at New Bedford either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

Date: **07/15/2021**

Time: **11:00 AM**

Event: **Hearing on Preliminary Injunction**

Session Location: **Civil A (New Bedford) / Lower Courtroom**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**07/08/2021** | CHIEF JUSTICE OF THE SUPERIOR COURT Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Hon. William M White, Jr.** | ASSISTANT CLERK<br>X |
|---|---|---|---|

| **RETURN OF SERVICE** |
|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

TRUE COPY ATTEST   *7/12/21*

PARTY NAME:

X

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2173CV00493 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Nye, Lorraine et al vs. Rehoboth, Town of et al | Marc J. Santos, Clerk of Court Bristol County |
|---|---|

| TO:  Town of Rehoboth 148 Peck Street Rehoboth, MA 02769 | COURT NAME & ADDRESS Bristol County Superior Court - New Bedford 441 County Street, 1st floor New Bedford, MA 02740 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                   DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 10/06/2021 |  |
| Response to the complaint filed (also see MRCP 12) |  | 11/05/2021 |  |
| All motions under MRCP 12, 19, and 20 | 11/05/2021 | 12/06/2021 | 01/04/2022 |
| All motions under MRCP 15 | 09/01/2022 | 10/03/2022 | 10/03/2022 |
| All discovery requests and depositions served and non-expert depositions completed | 06/28/2023 |  |  |
| All motions under MRCP 56 | 07/28/2023 | 08/28/2023 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 12/25/2023 |
| Case shall be resolved and judgment shall issue by |  |  | 07/08/2024 |

**The final pre-trial deadline is not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 07/08/2021 | ASSISTANT CLERK Jennifer A Sullivan | PHONE (508)996-2051 |
|---|---|---|

RECEIVED

#3

21 JUL 12 AM II: 26

OFFICE OF THE TOWN CLERK
REHOBOTH, MA

**BRISTOL, SS SUPERIOR COURT**
FILED

JUL - 8 2021

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

BRISTOL SUPERIOR COURT

DOCKET: 2173CV00493A

### LORRAINE NYE AND CHERYL DEVOLLE

PLAINTIFF(S)

V.

TOWN OF REHOBOTH, REHOBOTH POLICE DEPARTMENT, JAMES J. TROMBETTA, MARK ROSSI, CRAIG FORGET, JACOB MIRANDA, DOUGLAS BROWN OF THE REHOBOTH POLICE DEPARTMENT, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS POLICE OFFICERS OF THE TOWN OF REHOBOTH, HEATHER DEVOLLE AND KEVIN DEVOLLE

DEFENDANT(S)

### MOTION FOR SPECIAL PROCESS SERVER PURSUANT TO M.R.Civ. Pro. 4(c)

Now comes Plaintiff(s) by and through their attorney and hereby moves that this Honorable Court appoint Constable Charles Castro, 855 Bedford Street, Bridgewater, MA 02324 or any of his designees, as process server in the above-entitled action.

The undersigned swears and avers that to the best of his knowledge and belief the person to be appointed process server is a Constable and qualified and knowledgeable person in the service of Court Process, is 18 years of age or over and is not a party to this action and a disinterested person.

Respectfully Submitted,

Thomas A. Dougherty, III Esq.
548 West Grove Street, Unit-1
Middleborough, MA 02346
BBO: 630881
(508) 583-5454
Email: T.tdougherty2@verizon.net

Date: July 7, 2021

7/8/2021 Allowed

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

COUNTY **Bristol Superior Court (New Bedford)**

| | |
|---|---|
| **Plaintiff**  Lorraine Nye and Cheryl Devolle | **Defendant:**  Town of Rehoboth et als |
| ADDRESS:  127 Agricultural Avenue | ADDRESS:  148 Peck Street |
| Rehoboth, MA 02769 | Rehoboth, MA 02769 |
| **Plaintiff Attorney:**  Thomas A. Dougherty, III | **Defendant Attorney:** |
| ADDRESS:  548 West Grove Street, Unit-1 | ADDRESS: |
| Middleborough, MA 02346 |  COPY |
| Email: T.tdougherty2@verizon.net | |
| BBO:  630881 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO.  AB1 | TYPE OF ACTION (specify)  Civil Rights 18USC 1983 etc./Intentional Tort | TRACK  A | HAS A JURY CLAIM BEEN MADE?  ☒ YES  ☐ NO |
|---|---|---|---|

***If "Other" please describe:**

Is there a claim under G.L. c. 93A?   ☐ YES   ☒ NO          Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)                    $500,000.00

Subtotal (1-5):    **$500,000.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

Violations of civil Rights/Intentional Infliction of emotional distress/Civil Conspiracy 18USC 1983, GL 12 sec. 11I

TOTAL (A-F):    **$500,000.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Civil Rights violations, emotional distress, Assault & Battery, Assault, deprivation of Constitutional Rights

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X   Thomas A. Dougherty, III     Date:   July 8, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X   Thomas A. Dougherty, III     Date:   July 8, 2021



COPY

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                      BRISTOL SUPERIOR COURT

DOCKET:

LORRAINE NYE AND CHERYL DEVOLLE

PLAINTIFF(S)

V.

TOWN OF REHOBOTH, REHOBOTH POLICE DEPARTMENT, JAMES J. TROMBETTA,
MARK ROSSI, CRAIG FORGET, JACOB MIRANDA, DOUGLAS BROWN OF THE
REHOBOTH POLICE DEPARTMENT, INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS POLICE OFFICERS OF THE TOWN OF REHOBOTH, HEATHER
DEVOLLE AND KEVIN DEVOLLE

DEFENDANT(S)

## VERIFIED COMPLAINT

### PARTIES

1. Plaintiff, Lorraine Nye is a natural person residing at 127 Agricultural Avenue,
   Rehoboth, MA 02769 is a resident of the Town of Rehoboth, Bristol County,
   Massachusetts, and a citizen of the United States;

2. Plaintiff Cheryl Devolle, is a natural person residing at 145 Rocky Hill Road, Bristol
   County, Rehoboth, MA 02769 and a resident of the town of Rehoboth, Bristol County,
   Massachusetts, and a citizen of the United States;

1

3. Defendant Douglas Brown at the time of the alleged occurrence(s) was/is a Police Officer for the Town of Rehoboth, Massachusetts, and for all times material to this complaint, with a business address of 334 Anawan Street, Rehoboth, MA 02769;

4. Defendant James Trombetta at the time of the alleged occurrence(s) was/is a Police Officer for the Town of Rehoboth, Massachusetts and for all times material to this complaint, with a business address of 334 Anawan Street, Rehoboth, MA 02769;

5. Defendant Mark Rossi at the time of the alleged occurrence(s) was/is a Police Officer for the Town of Rehoboth, Massachusetts and for all times material to this complaint, with a business address of 334 Anawan Street, Rehoboth, MA 02769;

6. Defendant Craig Forget at the time of the alleged occurrence(s) was/is a Police Officer for the Town of Rehoboth, Massachusetts and for all times material to this complaint, with a business address of 334 Anawan Street, Rehoboth, MA 02769;

7. Defendant Jacob Miranda at the time of the alleged occurrence(s) was/is a Police Officer for the Town of Rehoboth, Massachusetts and for all times material to this complaint, with a business address of 334 Anawan Street, Rehoboth, MA 02769;

8. The Town of Rehoboth is a municipality and Rehoboth Police Department, being a government entity organized under the laws of the Commonwealth of Massachusetts and subject to the duties and requirement imposed by the U.S. Constitution, the Massachusetts Constitution and applicable federal law.

9. Defendant, Heather Devolle, is a natural person with a residential address of 640 Worcester Road, Apt. 310, Framingham, Middlesex County, Massachusetts 01702

10. Defendant Kevin Devolle, is a natural person with a residential address of 192 Bay State Road, Bristol County, Rehoboth, MA 02769.

## FACTS

11. On or about November 11, 2020 Heather Devolle, (Plaintiff Nye's Grand Daughter and Cheryl Devolle's daughter) called Nye asking if she would be home on November 12, 2020 at about 11:30 AM,

12. Nye informed Heather she would not be home;

13. On November 12, 2020 at approximately 11:30 AM the Rehoboth police showed up at Nye's property with Kevin Devolle, (Plaintiff Devolle's ex-husband) against whom she has had a restraining order against in the past;

14. The Rehoboth Police Officer Brown held up a piece of paper with handwritten notes on it;

15. When Nye asked what he was doing on her property he stated he had a "warrant for the dog" and held a paper up waiving it around saying a judge signed an order giving them the right to take the dog;

16. When Nye asked him if she could see the warrant he flashed in front of her very fast and at one point said, "you can get a copy from the Taunton District Court" he never handed her the so called "dog warrant";

17. They asked if Cheryl Devolle – Nye's Daughter was present;

18. The police stated to Nye "if you don't turn over the dog you will be arrested" they threatened to arrest Nye and Cheryl Devolle more than five times;

19. Ms. Nye is a 77 year old woman who has never been arrested and was frightened, humiliated, and traumatized;

3

20. Ms. Nye told them to come in the entrance to the home after twenty five minutes of them badgering her and waiting;

21. Nye told them to wait in the entrance I want to show you ownership papers for the pet;

22. They ignored the ownership papers and threatened Nye again with arrest saying we want the dog and we want your Daughter and you will be arrested;

23. Nye told them she will look for Cheryl, wait here;

24. Nye came back down stairs and said Cheryl is not here;

25. At that point Officer Miranda went outside and Heather Devolle ordered the Officer by saying you check the back door I will watch the side door, Miranda then came back in the house;

26. Miranda then said she did not leave, asserting she is in this house and you will be arrested if you don't give me the dog;

27. Nye told the police at approximately 12:10 PM that she had to leave to attend a schedule appointment and put on her jacket;

28. At that point Officers Brown and Miranda looked at each other dumbfounded and Miranda then pushed his way inside, Nye said stop, you have no right to go inside to search my house;

29. Miranda said I have every right because you let me in the door;

30. I told him no and he pushed me out of his way and went upstairs and said he had authority to search the home;

4

31. Nye became frightened even more and asked him to leave and he threatened to arrest her again;

32. The officer went upstairs without a warrant, without probable cause and found Cheryl Devolle, hiding in a closet holding her dog;

33. The officer yelled at Cheryl to give him the dog and grabbed Cheryl by her arm and wrenched it in its sling it was in (she just had surgery shortly before for a broken clavicle);

34. Plaintiff's friend who was present told Cheryl to give them the dog because he feared someone is going to get hurt because Miranda was pulling on Cheryl's sling as she cried with pain;

35. When Officer Miranda left the house with the dog Patrolman Brown shook his finger at Nye while inside her house and said "I ought to arrest you for obstructing justice";

36. Nye was even more frightened, Nye now asked to see the so called "warrant" again and Brown screamed at her "go to the Taunton District Court"

37. Nye and Devolle were so upset they went to the District Court in Taunton as told by the Police asking to see a copy of the "warrant";

38. The Clerk after a diligent search said there is no warrant and no order in effect regarding that address or a dog;

39. Cheryl called the Rehoboth Police Department on speaker phone and told them the Taunton Court Clerk indicated there is no warrant;

40. The Police told them wait a minute and then gave them a docket number to her divorce case that had been closed for years;

5

41. Plaintiff's then went to the Probate Court Clerk who stated " there is no Order from a Judge authorizing the search, seizure or arrest of anyone or the taking of the pet" certainly not out of Probate Court" or something to that effect;

42. From the Probate Court Nye went to Rehoboth Police Department to complain and found Kevin Devolle, Cheryl's ex-husband whom she has had a restraining order against, and whom had been charged criminally with Assault and Battery on her socializing with the police laughing and talking;

43. Nye asked to speak with the Chief of Police. Sgt. Forget continued the charade by having them sit and wait for twenty five minutes or so, and then pulling out a copy of an old expired amendment to a Probate Court agreement for divorce, waived it around claiming it was a search warrant and Order authorizing the search of the home and seizure of the pet;

44. Nye protested that it was illegal what he and his officers did and demanded the dog back;

45. In February of 2021 Cheryl spoke with the Police Chief who then stated to Cheryl "we have more money than you and a lot of legal resources good luck" or something to that effect;

46. Rehoboth police roughly handled Cheryl Devolle and Lorraine Nye without legal justification injuring her already surgically repaired clavicle;

47. Nye Complained to the Board of Selectmen on three separate occasions since the harrowing experience but nothing came of it;

6

## CLAIMS FOR RELIEF

### COUNT I
### CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. A. § 1985 (3)

48. Plaintiff(s) hereby restate paragraphs 1-47 above and incorporate them by reference herein;

49. Plaintiff Lorraine Nye is a 77 year old woman who was intimidated, threatened and coerced by Rehoboth Police officers Brown and Miranda and the Chief of Police when she complained about the police illegally entering her home without a warrant and in violation of Article 4 of the United States Constitution and the Massachusetts Declaration of Rights;

50. The Police entered the home under false pretenses and without legal authority to do so and under color of state law in order to assist Kevin Devolle and Heather Devolle in illegally taking Plaintiff's (Pet) and otherwise harassing them in violation of the law;

51. The police stated they had a 'search warrant' yet failed to produce it upon request;

52. The police lied about the search warrant and had no enforceable order against Ms. Nye or Devolle from any court;

53. The Defendants thereby conspired with each other to deprive plaintiff(s) of their constitutional rights under 42 U.S.C. A. § 1985 (3).

54. The plaintiff(s) have suffered lasting emotional and physical harm and a continuing deprivation and destruction of her property and dignitary interests as a result;

7

## COUNT II

## (MASSACHUSETTS CIVIL RIGHTS ACT VIOLATIONS)
### G.L. c. 12 § 11 I

55. Plaintiff(s) hereby restate paragraphs 1-54 above and incorporate them by reference herein;

56. Plaintiff(s) both repeatedly tried to obtain information from the Rehoboth Police/Defendant(s) about the reasons for their conduct;

57. Defendant(s) have willfully failed and refused to provide Plaintiff with information to which she is entitled;

58. The Defendant(s) have failed to produce a valid search warrant or any documents that grant them authority to barge into Plaintiff(s) home, physically assault them, take property and threaten them with arrest and illegally search the home in violation of State and Federal Law;

59. The Defendant(s) have violated the Plaintiff(s) civil rights and rights protected under the 4th and amendment to the United States Constitution and Massachusetts declaration of rights and violated the privileges and immunities secured by the Constitution and laws of the the United States and Massachusetts;

60. Said threats to arrest and illegal search of the home and other conduct by the police/Defendant(s) rendered the Plaintiff(s) afraid, intimidated and coerced and otherwise gravely injured;

61. Said conduct constitutes a violation of G.L. c. 12, § 11 I;

8

## COUNT III

## OUTRAGE/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff(s) herby re-allege all paragraphs of all counts and paragraph 1-61 above and incorporate them by reference hereinto this count;

63. All Defendant(s) knew or should have known that their actions were illegal and subjected Plaintiff Lorraine Nye and Cheryl Devolle to a stark deprivation of their constitutionally protected dignitary interests;

64. Defendant(s) actions toward Plaintiff shock the conscience of a civilized community and were extreme and outrageous;

65. Defendant(s) actions toward Plaintiff(s) constitute intentionally inflicted emotional distress to Plaintiff Lorraine Nye and Cheryl Devolle;

66. As a result of said conduct Lorraine Nye and Cheryl Devolle, suffered and continue to suffer emotional distress and loss of their pet and they are otherwise gravely injured;

## COUNT IV

## VIOLATION OF CIVIL RIGHTS OPERATING UNDER COLOR OF LAW IN VIOLATION OF 18 U.S. Code § 1983

67. Plaintiff(s) herby re-allege all paragraphs 1-66 and  all counts and incorporate them by reference hereinto this count;

68. Defendant(s) acted under color of law, without legal or justifiable duty to do so in their capacity as police officers;

9

69. The Defendant(s) violated the 4th Amendment to the United States Constitution and Massachusetts Declaration of Rights when they illegally searched their home and took their property without due process of law;

70. The Defendant(s) conduct deprived the plaintiff(s) of their Federal and State Constitutional Rights, privileges or immunities secured by the Constitution and/or laws of the United States to be free from illegal searches and seizures to have due process and otherwise remain free from unconstitutional molestation by the police and enjoy the sanctity of their home;

71. The Defendant(s) deprived and continue to deprive the Plaintiff(s) of their constitutionally protected rights and property;

72. As a result of the said illegal actions of the Defendant(s) the Plaintiffs were harmed and continue to be harmed and otherwise gravely injured;

## COUNT V

## VIOLATION OF CIVIL RIGHTS OPERATING UNDER COLOR OF LAW IN VIOLATION OF 18 U.S. Code § 1983

73. Plaintiff(s) herby re-allege all paragraphs 1-72 and all counts and incorporate them by reference hereinto this count;

74. Defendant(s) acted under color of law, without legal or justifiable duty to do so in their capacity as police officers;

75. The Defendant(s) violated the 14th Amendment to the United States Constitution and Massachusetts Declaration of Rights when they illegally searched their home and took their property without due process of law;

76. The Defendant(s) conduct deprived the plaintiff(s) of their Federal and State Constitutional Rights, privileges or immunities secured by the Constitution and/or laws of the United States to be free from illegal searches and seizures to have due process and otherwise remain free from unconstitutional molestation by the police and enjoy the sanctity of their home;

77. The Defendant(s) deprived and continue to deprive the Plaintiff(s) of their constitutionally protected rights and property;

78. As a result of the said illegal actions of the Defendant(s) the Plaintiffs were harmed and continue to be harmed and otherwise gravely injured;

## COUNT VI

## CIVIL ASSAULT AND BATTERY OF CHERYL DEVOLLE

79. Plaintiff(s) herby re-allege all paragraphs 1-78 and all counts and incorporate them by reference hereinto this count;

80. Rehoboth Police Officer Miranda without just cause for doing so illegally grabbed and otherwise touched Cheryl Devolle by grabbing her arm as she was crying and holding her pet;

81. He wrenched her arm while in a sling causing severe pain to her clavicle and shoulder area that she recently had surgery on;

82. Said conduct constitutes a Civil Assault and Battery;

83. As a result of said actions of the Police Devolle was gravely injured;

11

## COUNT VII

## CIVIL ASSAULT OF LORAINE NYE

84. Plaintiff(s) herby re-allege all paragraphs 1-83 and all counts and incorporate them by reference hereinto this count;

85. Rehoboth Police Officer Brown threatened, accosted and yelled at the 77 year old Nye in her home;

86. He put her in imminent fear of harm;

87. He waived his fingers in her face and threatened to arrest her on multiple occasions;

88. Said conduct constitutes civil assault;

89. As a result of the intentional conduct of Brown and the Police , Nye was severely injured, suffered, emotional pain, embarrassment and humiliation and suffers nightmares to this day;

## COUNT VIII

## CONVERSION OF PROPERTY (PET)
## ALL DEFENDANT(S)

90. Plaintiff(s) herby re-allege all paragraphs 1-89 and all counts and incorporate them by reference hereinto this count;

91. All Defendant(s) conspired and did unlawfully take the property of Cheryl Devolle, to wit, her pet dog without legal justification;

92. They converted said pet and refuse to bring her back;

93. As a result of said conversion the Plaintiff is harmed and suffered of mind and body and was otherwise gravely injured;

COUNT IX
CIVIL CONSPIRACY
(ALL DEFENDANT'S)

94. Plaintiff(s) herby re-allege all paragraphs 1-93 and all counts and incorporate them by reference hereinto this count;

95. All Defendant(s) conspired with each other to deprive the Plaintiff(s) of their constitutionally protected civil rights, property, and to be free from unlawful searches and seizures and otherwise free from a molestation of their property (pet) and home, Federally and State protected constitutional rights guaranteed to them as citizens of this great nation and state;

96. The Town of Rehoboth, Police Department, Police officers, Police Officers in their individual capacities and Heather and Kevin Devolle, conspired together in an illegal fashion to violate all of the rights enumerated in this complaint and incorporated by reference herein;

97. Said actions of the Defendant(s) collectively constitute an illegal and civil conspiracy;

98. As a result of said civil conspiracy the Plaintiff(s) have each suffered grievous injury of mind and body, suffered emotional distress and nightmares, are deprived of their property and are otherwise gravely injured and continue to be injured;

COUNT X
INJUNCTIVE RELIEF

99. Plaintiff(s) herby re-allege all paragraphs 1-98 and all counts and incorporate them by reference hereinto this count;

13

100.     The Defendant(s) illegally took the Plaintiff Cheryl Devolle's property (Dog) without legal cause to do so;

101.     The Defendant(s) continue to hold said property and refuse to return it;

102.     The Plaintiff is entitled to injunctive relief and an ORDER that the Defendant(s) immediately refrain from the further conversion of said pet;

103.     That the Defendant(s) immediately return said pet forth with;

## DEMAND FOR JURY TRIAL

Your Plaintiffs demand a trial by jury on all counts so available

## DEMAND FOR SPEEDY TRIAL PURSUANT TO M.G.L. 231 § 59F

Plaintiff Lorraine Nye who was 77 years of age at the time of the incidents complained of in this complaint hereby requests a speedy, expedited trial pursuant to M.G.L. ch. 231 § 59F as she is over 65 years of age.

## VERIFICATION

I, Lorraine Nye hereby state under oath that I have reviewed the facts and counts alleged in this complaint and verify under oath that they are accurate and true.  Signed under the pains and penalties of perjury this 7 7th day of July 2021.

_Lorraine Nye_
Lorraine Nye

14

## VERIFICATION

I, Cheryl Devolle, hereby state under oath that I have reviewed the facts and counts alleged in this complaint and verify under oath that they are accurate and true. Signed under the pains and penalties of perjury this 7TH day of July 2021.

_Cheryl Devolle_
Cheryl Devolle

## PRAYER FOR RELIEF

Wherefore, your Plaintiff(s) pray that this Honorable Court:

1. Find in their favor on each and every count of this complaint;
2. Award money damages on each and every count of this complaint;
3. Award Injunctive relief on count X of the complaint;
4. Award Punitive Damages on all counts wherever possible;
5. Award Attorney fees pursuant to all counts wherever possible;
6. Award costs of this litigation;
7. Grant whatever other relief that this Honorable Court deems to be just and or meet.

Respectfully Submitted,
LORRAINE NYE
CHERYL DEVOLLE,
By their Attorney,

_Thomas A. Dougherty, III_
Thomas A. Dougherty, III
548 West Grove Street, Unit 1
Middleborough, MA 02346
BBO: 630881
(508) 583-5454
Email: T.tdougherty2@verizon.net

Date: July 7, 2021

15

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                    BRISTOL SUPERIOR COURT

DOCKET:

LORRAINE NYE AND CHERYL DEVOLLE

PLAINTIFF(S)

V.

TOWN OF REHOBOTH, REHOBOTH POLICE DEPARTMENT, JAMES J. TROMBETTA,
MARK ROSSI, CRAIG FORGET, JACOB MIRANDA, DOUGLAS BROWN OF THE
REHOBOTH POLICE DEPARTMENT, INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS POLICE OFFICERS OF THE TOWN OF REHOBOTH, HEATHER
DEVOLLE AND KEVIN DEVOLLE

DEFENDANT(S)

NOTICE OF APPEARANCE

Now comes Thomas A. Dougherty, III and hereby gives his Notice of Appearance in this

matter on behalf of Plaintiff(s) Lorraine Nye and Cheryl Devolle.

Respectfully Submitted,

Thomas A. Dougherty, III
548 West Grove Street, Unit 1
Middleborough, MA 02346
BBO: 630881
(508) 583-5454
Email: T.tdougherty2@verizon.net

Date: July 7, 2021

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                      BRISTOL SUPERIOR COURT

DOCKET:

LORRAINE NYE AND CHERYL DEVOLLE

PLAINTIFF(S)

V.

TOWN OF REHOBOTH, REHOBOTH POLICE DEPARTMENT, JAMES J. TROMBETTA, MARK ROSSI, CRAIG FORGET, JACOB MIRANDA, DOUGLAS BROWN OF THE REHOBOTH POLICE DEPARTMENT, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS POLICE OFFICERS OF THE TOWN OF REHOBOTH, HEATHER DEVOLLE AND KEVIN DEVOLLE

DEFENDANT(S)

MOTION FOR SPECIAL PROCESS SERVER PURSUANT TO M.R.Civ. Pro. 4(c)

Now comes Plaintiff(s) by and through their attorney and hereby moves that this Honorable Court appoint Constable Charles Castro, 855 Bedford Street, Bridgewater, MA 02324 or any of his designees, as process server in the above-entitled action.

The undersigned swears and avers that to the best of his knowledge and belief the person to be appointed process server is a Constable and qualified and knowledgeable person in the service of Court Process, is 18 years of age or over and is not a party to this action and a disinterested person.

Respectfully Submitted,

Thomas A. Dougherty, III Esq.
548 West Grove Street, Unit-1
Middleborough, MA 02346
BBO: 630881
(508) 583-5454
Email:  T.tdougherty2@verizon.net

Date: July 7, 2021

## ORDER APPOINTING SPECIAL PROCESS SERVER

The foregoing Motion is allowed and pursuant to Rule 4C of the M.R. civ. P. It is Ordered that Charles Castro is hereby appointed as Special Process Server in the above-entitled action.

By: _____

Justice

Date:

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                    BRISTOL SUPERIOR COURT

DOCKET:

LORRAINE NYE AND CHERYL DEVOLLE

PLAINTIFF(S)

V.

TOWN OF REHOBOTH, REHOBOTH POLICE DEPARTMENT, JAMES J. TROMBETTA,
MARK ROSSI, CRAIG FORGET, JACOB MIRANDA, DOUGLAS BROWN OF THE
REHOBOTH POLICE DEPARTMENT, INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS POLICE OFFICERS OF THE TOWN OF REHOBOTH, HEATHER
DEVOLLE AND KEVIN DEVOLLE

DEFENDANT(S)

EMERGENCY MOTION

EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION
FOR A PRELIMINARY INJUNCTION PURSUANT TO M.R. Civ. Pro. 65 (a) and (b)


Now comes Cheryl Devolle, by and through her attorney and moves this Honorable Court

that it issue a Temporary Restraining Order that precludes the Defendant(s) Heather Devolle,

Kevin Devolle and the Rehoboth Police and individual officers named in the Verified Complaint

from continued conversion of her pet dog. She also seeks a Preliminary Injunction that precludes

the Defendant(s) from the continued conversion of the Pet as the taking of her property was

without affording Cheryl Devolle due process with Notice and an Opportunity to be heard.

In support of this Motion your movant states this complaint has an extreme likelihood of success on the merits and requests that this Honorable Court review the enumerated facts of the Verified Complaint in this matter which is expressly incorporated by reference herein and made a part of this Motion.

For all of the stated reasons in the Verified Complaint your movant requests that this Motion be allowed and that the Court ORDER the Defendant(s) either collectively or individually to return Cheryl Devolle's pet to her forth with.  The last known address of the pet was with Heather Devolle at 640 Worcester Road, Apt. 310, Framingham, MA 01702.

Wherefore, your movant requests that this Honorable Court allow this motion in an emergency and ex parte fashion pursuant to M.R. Civ. Pro. 65(a).

> Respectfully Submitted,
> LORRAINE NYE
> CHERYL DEVOLLE,
> By their Attorney,
>
> Thomas A. Dougherty, III
> 548 West Grove Street, Unit 1
> Middleborough, MA 02346
> BBO: 630881
> (508) 583-5454
> Email: T.tdougherty2@verizon.net

Date: July 7, 2021

AFFIDAVIT IN SUPPORT OF EMERGENCY MOTION

I Thomas A. Dougherty, III being duly deposed and sworn state the following:

1.  My name is Thomas A. Dougherty, III, I am an attorney licensed to practice law in the
    Commonwealth of Massachusetts, I am in good standing since 1995 and I represent the
    Plaintiffs in this matter,

2.  I have reviewed the Verified Complaint;

3.  I have reviewed the Federal and State statutes and law applicable in this case;

4.  I have reviewed the Rules of Civil Procedure;

5.  Upon information and belief I believe that this case has a strong likelihood of success on
    the merits.

    I believe the foregoing to be accurate and true to the best of my information, knowledge
    and belief.  Signed under the pains and penalties of perjury this 7th day of July 2021.

                                                        Thomas A. Dougherty, III

PROPOSED ORDER ON TEMPORARY RESTRAINING ORDER

After hearing it is hereby ORDERED as follows:

1.  That Heather Devolle, the current person in control of the pet dog is hereby ORDERED
    to immediately return the pet dog taken from Cheryl Devolle on or about November 12,
    2020;

2.  Heather Devolle is required to return the pet to Cheryl Devolle at 145 Rocky Hill Road,
    Bristol County, Rehoboth, MA 02769 on or before          July 2021.


                                        _____
                                        Justice of the Superior Court


Date:

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.

BRISTOL SUPERIOR COURT

DOCKET:

LORRAINE NYE AND CHERYL DEVOLLE

PLAINTIFF(S)

V.

TOWN OF REHOBOTH, REHOBOTH POLICE DEPARTMENT, JAMES J. TROMBETTA, MARK ROSSI, CRAIG FORGET, JACOB MIRANDA, DOUGLAS BROWN OF THE REHOBOTH POLICE DEPARTMENT, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS POLICE OFFICERS OF THE TOWN OF REHOBOTH, HEATHER DEVOLLE AND KEVIN DEVOLLE

DEFENDANT(S)

MOTION THAT THE COURT ACCELERATE THE TRACKING ORDER PURSUANT TO M.G.L. 231 § 59F

Now comes the Plaintiffs by and through their attorney and request that this Honorable Court accelerate the tracking order on this case as the Plaintiff Lorraine Nye is a 77 year old woman and said statute dictates that an accelerated track/pace should be given to this case.

In support of this Motion your movants request this Honorable Court review M.G.L. c. 231 § 59F.

Respectfully Submitted,

Thomas A. Dougherty, III Esq.
142 Main Street, Ste. 402
Brockton, MA 02301
BBO: 630881
(508) 583-5454

Date: July 7, 2021

AFFIDAVIT

I Thomas A. Dougherty, III being duly deposed and sworn state the following:

1. My name is Thomas A. Dougherty, III, I am an attorney licensed to practice law in the Commonwealth of Massachusetts, I am in good standing since 1995 and I represent the Plaintiffs in this matter,

2. I have reviewed the Verified Complaint;

3. I have reviewed the Federal and State statutes and law applicable in this case;

4. I have reviewed the Rules of Civil Procedure;

5. Upon information and belief I believe that this case requires and accelerated track as the Plaintiff Lorraine Nye is 77 years of age.

   I believe the foregoing to be accurate and true to the best of my information, knowledge and belief.  Signed under the pains and penalties of perjury this 7th day of July 2021.

Thomas A. Dougherty, III

7-13-2021                          4A2107D36040001                          6020210713034367